## Eben P. Stuart v. Eleanor S. Stuart.

*Divorce for wife's adultery—Long delay in suit—Order for taking evidence.*

A bill by the husband for a divorce from his wife on the ground of adultery, filed twelve years after the alleged offence—the parties having lived together in the meantime—will not be sustained unless the delay is satisfactorily explained.

Where it appeared that suspicious facts were reported to the husband; that he charged his wife with adultery, and received from her a suspicious explanation; that he separated from her for a few days, but they then came together again and lived and co-habited together for twelve years; that they separated for other reasons, and the old charge was then revived and the testimony of the *particeps criminis* taken to it; but no reason appeared why all the facts were not equally accessible at the outset ; *Held,* that a divorce ought not to be granted on this charge.

A wife was charged with adultery with her physician. The facts testified to were such as might properly take place in the case of a reputable physician; but this man was not reputable as a physician, and

it was shown that the husband had vainly endeavored to induce his wife to put her case into more competent hands. *Held*, that there was nothing in these facts to suggest criminality.

The evidence of the parties in a divorce suit should only be taken on the order of the court. If taken without such order, it will be disregarded.

Appeal from Eaton. Submitted Jan. 13. Decided Jan. 25.

DIVORCE. Defendant appeals. Reversed.

*Frank L. Dodge* and *J. C. Shields* for complainant.

*A. & C. A. Blair* for defendant.

COOLEY, J. This suit is instituted to obtain a divorce for the cause of adultery. The adultery is charged to have been committed with one Baum in the year 1865, and with one Buchanan in the year 1876.

Of the commission of adultery with Baum there is very positive evidence from Baum himself, with strong corroborative circumstances and partial confessions proved by others. But the bill was not filed until after a lapse of twelve years, during which time the parties had co-habited together as husband and wife, and this great delay obviously calls for some explanation.

The explanation which is given by the complainant is that he never until a short time before the filing of the bill became satisfied of his wife's guilt. During the period covered by the charges complainant was absent from his home, and though on his return he heard reports of wrong conduct between his wife and Baum, and charged her with it, yet she denied all criminality on her own part, and he was induced to accept her denial as true. It was only in 1877 that the facts were all brought to light. This is his story.

On an examination of the evidence, however, we find that one of the witnesses to gross improprieties between his wife and Baum is his own son by a former marriage, and that his wife's statements to her husband, as he proves them, were such as were not very well calculated to secure belief.

As proved they were admissions that Baum attempted and partially accomplished a rape upon her; an act of which she complained to no one, and which did not in any degree affect the friendly relations between them. Baum was at the time about sixteen years of age, and was living in the house in her husband's absence. The husband does not seem to have been satisfied with the explanation at first, and the parties separated for a few days, but then came together again, and lived together for about twelve years as above stated. It was not until after they had again separated for other reasons that the old charge was revived.

Except that complainant has now the testimony of Baum to his own infamy, there does not appear to be any greater reason for believing in his wife's guilt now than he had in 1865. Neither does any reason appear why he did not obtain information from Baum before. Baum appears to speak willingly enough now, and makes out a very gross case against the woman. But what is indisputable in the case is, that complainant was put upon inquiry respecting the facts twelve years before he filed his bill; that one of the most important witnesses was a member of his own family; that the wife's explanations as he repeats them were well calculated to confirm suspicions, and that no reason is shown why he might not have ascertained any further facts in 1865 as readily and as satisfactorily as in 1877. In short there is nothing in the new evidence which impresses us in the least as a new discovery, and probably we should never have heard of it but for other quarrels. The complaint is a stale one and must be dismissed from our consideration.

The charge relating to Buchanan is supported by evidence which at most merely suggests suspicions. If Buchanan himself were in all respects a reputable man, even suspicion would not be invited. He was an irregular physician, and was in attendance upon defendant for a delicate female difficulty which rendered necessary an examination of the generative organs. This he professed to make on two or more occasions in a room with bolted door. The proof that

she was afflicted as this man. said she was, and that the examination was needful, is proved by a reputable physician, and complainant is not shown to have suspected Buchanan of impropriety at the time. He did indeed urge his wife to put her case into the hands of some more competent person, and she declined; but the disposition to trust health and life to charlatans is altogether too common to render the fact suggestive of anything but weakness and folly.

We cannot agree with the circuit judge that there should have been a decree of divorce in this case, and the decree must be reversed. We deem it proper to remark upon the fact that the evidence of the parties seems to have been taken in the case without any order of the court for the purpose. This should not be done. There may be cases in which the circuit judge will deem it proper to have them examined—generally, we presume, in his own presence; but when the parties go upon the stand without his order, to make out their own case or defence, we shall disregard the testimony, as we have in this case.

The other Justices concurred.