SUSIE A. PAGE v. ISAAC PAGE.

*Divorce—Examination of witnesses.*

A circuit court commissioner's examination of the parties to a divorce suit should be in the presence or under the immediate supervision of

the judge, so that it may be kept within proper limits; and as it is discretionary with the judge to allow such an examination he can prevent anything unfair or unseemly in conducting it.

A circuit court commissioner, in taking the testimony of the parties to a divorce suit, can refuse to take anything which is grossly improper if he is left to act in the absence of the judge.

Physicians cannot testify in a divorce suit to what they have found out by compulsory examination of a party thereto; and such examinations are illegal and improper and a party should refuse to submit to them.

Where the record in a divorce suit contained evidence that was grossly improper and ought, in the discretion of the trial judge, to have been rejected, it was stricken out by the Supreme Court and the case was heard on what remained.

The alleged fact that legislation was about to take effect permitting full examination of the parties to a divorce suit was not recognized by the Supreme Court as sufficient reason for withholding its decision until complainant in a case in which too much latitude had been taken could move for a dismissal of the bill without prejudice, so that in beginning anew advantage could be taken of the statute.

Where a wife, seeking divorce, is justified, by her husband's conduct, in living apart from him, he is bound to provide support for her elsewhere.

Costs were withheld on affirmance of a decree of divorce in favor of the wife, where the record was much too large and had been paid for by defendant.

Appeal from Kent. (Montgomery, J.) June 7.—June 20.

Divorce bill. Defendant appeals. Affirmed.

*Godwin & Earle* for complainant.

*Padgham & Padgham* for defendant.

Cooley, J. Complainant asks for a divorce on the ground of extreme cruelty and failure to support. After the cause was at issue the circuit judge made an order for the examination of the parties before a circuit court commissioner. Under this order the defendant was put upon the stand as a witness for complainant, and he was examined concerning the most private and confidential matters in the

married life of the parties. He was also examined, against his objection, as to matters in his personal history long before the marriage, and with which the complainant had no concern whatever. Not to be outdone in this regard, the counsel for defendant, when complainant was subsequently called as a witness, subjected her to an examination concerning the secrets of the married life for which, we trust, there has never been a precedent anywhere. The parties appear to have supposed they were compelled to submit, and the examining counsel were under no restraint in respect to questions asked except their own discretion.

In *Stuart v. Stuart* 47 Mich. 566 where the testimony of the parties to a divorce suit had been taken before a commissioner without the previous order of the court, we refused to consider it, remarking at the time that there may be cases in which the circuit judge will deem it proper to have the parties examined generally to the merits, and we recognized his right to order it done. But it was never contemplated by us that the circuit judge could order such examination to be had except in his presence or under his immediate supervision, so that he might control and direct the proceedings, and keep them within proper limits. As the examination would be entirely discretionary with him, it would be within his authority to prevent anything which might be either unfair or unseemly, and it would be expected that he would prevent any improper examination or question. If the importance of his supervision needed any demonstration, we have it abundantly in this record. We do not permit ourselves to doubt that the circuit judge, had he been present, would have declined to give countenance to much that took place before the commissioner, and probably the commissioner himself would have exercised a judicious control had he understood that he possessed the power to do so. The impropriety of this testimony being manifest, we announced when the case was reached that it must be considered stricken from the record, and if the case went to hearing it must be heard on what would then remain.

There was also a most extraordinary compulsory examination of defendant by physicians, who stripped him and subjected him to oral inquisition, to compel him to give evidence which they could repeat before the commissioner for use against him. What means they could be supposed to have for compelling him to answer their questions, in case he declined as he ought to have done, we do not know ; but we are certain they could not be means known to the law. We strike from the record all the evidence obtained by this inquisition also. It should be understood that there are some rights which belong to man as man and to woman as woman which in civilized communities they can never forfeit by becoming parties to divorce or any other suits, and that there are limits to the indignities to which parties to legal proceedings may be lawfully subjected.

The case has been argued before us on the other evidence, after striking out as above indicated, and has been submitted for final decision. Since the submission, however, counsel for complainant has applied informally to have the decision withheld, that he may have opportunity to move to dismiss without prejudice. The object is stated to be, to take advantage of legislation said to have been passed within a few days, whereby authority is given for a full examination of the parties in divorce suits. If any statute has been passed which will allow of such examinations as are shown by this record, we shall decline to go out of our way to bring it into pending controversies where it will have retroactive effect. It is quite time that, in the interest of the public, if not of the parties themselves, this suit should be brought to a conclusion ; and we therefore proceed to dispose of it.

The case is not one in which anything is to be gained for anybody by a discussion of the merits. The evidence shows that for some time complainant has refused to live with defendant, and that he has not supplied her with the means of support while she has remained away from him. But he has apparently been ready at all times to support her at his home, and has repeatedly requested her to return. He

is not, therefore, in fault for not supporting her, unless she is living apart from him with sufficient excuse; and the case must turn upon the determination of that question. The charge of cruelty, except as involved in the failure to support, falls to the ground.

On an examination of the proofs we are brought to the conclusion that complainant was justified in withdrawing herself from defendant, and when she went it became his duty to provide a support for her elsewhere. We therefore affirm the decree for divorce. The complainant has appealed from the allowance for alimony as being inadequate under the circumstances, while defendant contends that it is excessive. We are satisfied with what was done by the circuit judge, and affirm the decree in that regard also. As we assume the printing of the immense record on appeal has been paid for by defendant, we make no allowance for costs.

The other Justices concurred.