ELIZA DOTTON v. COMMON COUNCIL OF THE VILLAGE OF ALBION.

*Municipal corporations—Highway injury.*

A woman running for a doctor in the dark fell into a ditch where the bridging had been torn up earlier in the evening, and was injured. A judgment holding the municipality liable was left standing by an equally divided court.

Error to Calhoun. (Hooker, J.) May 6.—September 29.

CASE. Defendant brings error. Affirmed.

*A. M. Culver* for appellant. Where an injury to a highway is produced by some sudden and unexpected cause, the corporation is not liable for resulting accidents unless it has reasonable opportunity to repair: *Hubbard v. Concord* 35 N. H. 52; *Johnson v. Haverhill* 35 N. H. 74; *Requa v. Rochester* 45 N. Y. 135; *Hume v. New York City* 47 N. Y. 639; *Dewey v. Detroit* 15 Mich. 307.

*Rienzi Loud* for appellee. A municipality is bound to keep its cross-walks in repair and safe for public travel, no matter whether the get-out-of-repairs is by the fault of others, or not: *Hutson v. Mayor &c.* 9 N.Y. 163; *Hiskock v. Plattsburg* 16 N.Y. (n.) 161; *Wendell v. Troy* 39 Barb. 329; *Jones v. New Haven* 34 Conn. 1; see *State v. Crampton* 2 N. H. 513; Angell on Highways § 257; *Heacok v. Sherman* 14 Wend. 58; *Dygart v. Schenck* 23 Wend. 446; where a traveler crossed a bridge which he knew to be somewhat unsafe, but which the county officers had not closed, nor warned people to pass, it was held that he was not in fault, and could recover for injuries sustained thereby: *Humphreys v. Armstrong Co.* 56 Penn. St. 204.

COOLEY, C. J. When this case was before the Court on a former occasion it was decided that there was some evidence in the record tending to show negligence on the part of the village authorities conducing to the plaintiff's injury, and that she was entitled to have it submitted to a jury. 50 Mich. 130. On a second trial she has recovered judgment, and the case is now brought here by the defendant.

The point is again made that there is no showing of negligence; but I am constrained to say that while it is very weak, and ought not, perhaps, to have led to a verdict for plaintiff, it is substantially the same as that given on the first trial, and that the decision made in reviewing the former trial should therefore control.

Error is assigned on the rulings of the court upon the reception of evidence from physicians. Plaintiff claimed to have been seriously and permanently injured, and she called the physician who attended her on that occasion, and obtained evidence from him which tended to support her claim. He also testified that he had known the plaintiff before her injury, and she seemed to be a strong, healthy, robust woman. The defense undertook to show that the plaintiff, instead of being healthy before, was afflicted with chronic ailments, and for this purpose they called two physicians who testified that they attended upon her professionally, and were able to tell whether her constitutional health was impaired before the time of the alleged injury. They were then asked to state

whether it was impaired in fact; but having stated, in response to an inquiry by the court, that such information as they had on that subject was obtained professionally, while in attendance upon the plaintiff as her physician, and was necessary to enable them to prescribe for her, the proposed evidence was excluded. It is said that this was error, because the plaintiff waived her privilege to have the seal of professional confidence preserved unbroken when she put her own physician upon the stand to testify to her condition. Doubtless she did so as to him to the extent to which she carried his examination; but it does not appear that he testified to any professional knowledge acquired in a relation of confidence, previous to the injury; and a waiver of her privilege in his case to permit him to disclose what he learned of her condition at that time could be no waiver of a similar privilege in the case of others relating to other occasions. If the other physicians had been called by her, and partial examination gone into on her behalf, it would have been different; but as the case stood, there seems to have been no error in excluding their evidence. How. Stat. § 7516; *Campau v. North* 39 Mich. 606; *Page v. Page* 51 Mich. 88; *Storrs v. Scougale* 48 Mich. 388.

Objection was made that the plaintiff was allowed to prove what she earned in working by the day and otherwise at manual labor before the injury. This, it is said, bore on the question of damages, and was improper, because she was a married woman, and her services belonged to her husband, who might bring suit for loss of them. But an inspection of the record shows that the evidence was given to show the plaintiff's previous bodily condition, and that no damages were claimed in respect to loss of compensation or profits from labor.

It was claimed in the case that the plaintiff, on her own showing, was guilty of contributory negligence, and instructions were requested from the judge to that effect. She certainly appears to have had as much notice of the defect in the walk as the village authorities, and it would seem that she ought to have avoided the injury. But she had the excuse that she was hastening late in the evening for a physician for

her daughter, who had been taken ill suddenly, and her negligence was not so far unquestionable as to justify positive instructions upon it. *Detroit &c. R. Co. v. Van Steinburg* 17 Mich. 99; *Grand Rapids &c. R. Co. v. Martin* 41 Mich. 667; *Hassenyer v. Michigan Cent. R. Co.* 48 Mich. 205.

I find no error in the record, and think the judgment should. be affirmed.

SHERWOOD, J. concurred.

CAMPBELL, J. In this case the injury done to Mrs. Dotton was not caused by any defect in the plank bridging laid across the road-side ditch in which she fell, but by the removal of the bridging itself, which was done by some unknown person in the evening before she fell in. This removal was not made known, and could not very well be, to the city, and its removal could not be imputed as corporate negligence.

There was some testimony tending to show more or less defects in the bridging, but they had nothing to do with the injury in question. Plaintiff acted on the supposition that there was a bridging in place, and there is no special reason to indicate that it would not have been entirely safe for her to cross it, if in place. She was familiar with the premises, and was not in any fear about the crossing. The mischief being the immediate result of what the corporation was not in fault for, it cannot be transferred to something else, so that recovery may be had for a grievance that did not exist.

In my opinion, there was nothing authorizing the plaintiff to go to the jury, and I think the judgment should be reversed.

CHAMPLIN, J. concurred.