Josephine Mansell, an Infant Over the Age of Fourteen Years, by Elizabeth Mansell, Her Guardian ad Litem, Respondent, v. William B. Conrad and Others, Appellants, and Elizabeth S. Smith, Defendant, Copartners, Carrying on Business under the Firm Name and Style of W. B. Conrad and Company.

Second Department, April 24, 1908.

**Master and servant — negligence — injury by ironing machine.**

Action against a master to recover for injuries received by a female servant, sixteen years of age, while operating an ironing machine or mangle. Evidence and charge examined, and *held*, that a judgment for the plaintiff should be affirmed.

(Per Gaynor and Jenks, JJ.): Rule as to assumption of risk stated.

Appeal by the defendants, William B. Conrad and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of March, 1907, upon the verdict of a jury for $8,000, as reduced by the court to $3,500, and also from an order entered in said clerk's office on the 20th day of March, 1907, denying the said defendants' motion for a new trial made upon the minutes.

The action was for damages for negligence. The plaintiff, a sixteen year old girl, was employed by the defendants to feed an ironing machine or mangle run by shafting and belt. She had been working on the machine that hurt her for about ten minutes. She had worked on other similar machines in the place and understood how to feed them.

Handkerchiefs were being fed into the mangle by the plaintiff. She had to spread them on a feeding table, and press them forward thereon until they went into the mangle, viz., between a revolving

hot drum and a revolving steel roller. There was a guard across the table about 4 inches from the line of contact of the drum and roller, and parallel therewith to prevent the hand of the person feeding to be drawn in. It was $2\frac{1}{2}$ feet long, $2\frac{1}{2}$ inches high, $\frac{7}{8}$ of an inch thick and $\frac{3}{8}$ of an inch up from the table, so that the fabric to be ironed could be passed under it.

The jury found that this guard had become unfastened at one end, and suddenly raising up allowed the plaintiff's hand to go under it and get between the drum and roller.

*Frederick B. Campbell* [*Bertrand L. Pettigrew* and *Henry S. Curtis* with him on the brief], for the appellants.

*Henry Escher, Jr.*, for the respondent.

GAYNOR, J.:

This case is different to that of *Hickey* v. *Taaffe* (99 N. Y. 204; 105 id. 26), which the appellants do not cite or claim to be applicable. The case is argued on the question of negligence and contributory negligence from the standpoint of the condition of the guard in front of the drum and roller. It is contended that if the plaintiff had her eyes on her work she would have seen the guard going up and down, and avoided the accident. It is also argued that she must have seen that the guard was loose, and that therefore she assumed the risk of the defect. We have to remember that she was only sixteen years old and had been working on the machine only about ten minutes. The verdict was not excessive, though full.

The only other point argued is an exception to the charge. The learned trial judge charged that the question of the assumption of risk by an employe arises only " after the employer has satisfied his obligation in providing reasonably safe tools, appliances and implements for the doing of the work ". Now, to be sure, this is just the reverse of the law. The law of assumption of risk by an employe arises, and can arise, only on some omission or breach of duty by the employer in his said obligation, instead of arising after he has fulfilled the same. If he fulfills his obligation, there are no risks for the law of assumption of risks by employes to apply to. The law of assumption of risks by an employe applies only to those risks

## 636

Second Department, April, 1908.                    [Vol. 125.

for which the employer is liable unless the employe has assumed them. It does not apply to the risks which are inherent in the work, and therefore remain after the employer has done his duty. He is not liable for them at all; the law casts them on the employe. The employer may by contract assume such risks; but in respect of employes, the law of assumption of risks applies only to risks arising out of the neglect of the employer to do his duty to the employe. The employe does not assume the inherent risks; the law puts them upon him. The assumption of risk is a matter of contract (*Dowd* v. *N. Y., O. & W. R. Co.*, 170 N. Y. 459), *i. e.*, the employer may by contract assume the inherent risks, and the employe may by contract assume risks caused by the employer's negligence or breach of duty to him; and this is the whole law of assumption of risks.

But no harm was done by this technical and inadvertent error. The learned trial judge was no doubt led into it by loose expressions to be found in books here and there; but when his whole charge is read, it is found that he plainly submitted to the jury whether the plaintiff saw the risk of the defective guard, which arose out of the defendant's negligence or breach of duty to her, and assumed it.

The judgment and order should be affirmed.

JENKS, J., concurred; HOOKER, RICH and MILLER, JJ., concurred in result.

Judgment and order unanimously affirmed, with costs.