## BRIA v. WESTINGHOUSE, CHURCH, KERR & CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. MASTER AND SERVANT (§ 295*)—ASSUMPTION OF RISK—INSTRUCTIONS.

Where the only question at issue was whether plaintiff had assumed the risk of the danger of his place, caused by the failure of the master to use reasonable care not to create such danger, an instruction that plaintiff assumed no risks until the master fulfilled his duty of furnishing a safe place took from the jury the right to find that the plaintiff assumed the risk caused by the failure of the master to do so, and was erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168–1179; Dec. Dig. § 295.*]

2. MASTER AND SERVANT (§ 203*)—ASSUMPTION OF RISKS—"ASSUMES."

By the common expression that the servant "assumes" certain risks is meant the statement that the law casts them upon him and that the master is not responsible for them.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*

For other definitions, see Words and Phrases, vol. 1, pp. 586, 587.]

Appeal from Trial Term, Westchester County.

Action by Antonio Bria against Westinghouse, Church, Kerr & Co. From a judgment for plaintiff, entered on a verdict, defendant appeals. Reversed, and new trial granted.

The defendant was engaged in blasting rock in a deep excavation, then hoisting the fragments by a derrick to a pile on the ground above, from whence they were carried by hand and fed to a stonecrusher set up about 50 feet

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

away. Some of the stones hoisted up were too large for the crusher. These were deposited by the derrick on the part of the pile closest to the excavation and the small ones on the other side, and the small ones being deposited on the pile kept rolling down to the base of the pile, which grew to be about 15 feet high. The small fragments were then carried from the base of the pile to the crusher. When the fragments were too large for the crusher they were broken up at or near the base before being carried to the crusher. The plaintiff was at work carrying fragments to the crusher when a large stone, weighing several tons, rolled or slid down the side of the pile and hit him as he was at or near the base of the pile. The falling of stones in this manner was of occasional occurrence. The plaintiff had been working there for seven weeks, but not at carrying stone all the while, but only for about a week.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Louis Cohn, for appellant.

Sydney A. Syme, for respondent.

GAYNOR, J. The only question submitted to the jury was whether the defendant had used due care to furnish the plaintiff a reasonably safe place to work. The learned trial judge charged the jury in substance that if the plaintiff knew and understood the risk of danger of stones rolling or sliding down the pile he could take such risk, and it was for the jury to say whether he had done so by going at the work and continuing at it, and that if he had he could not recover; also that he assumed all risk of danger incident to his work, "assuming that the master exercised reasonable care in making the place reasonably safe." Not satisfied with this the learned counsel for the plaintiff induced the learned trial judge to charge the following request:

"I ask your honor to charge, in connection with the charge as to the assumption of the risks incident to the employment, that the plaintiff in this case only assumed such risks that might be incident to the nature of his employment after the defendant had fulfilled the duty imposed upon it by law to furnish him with a reasonably safe place in which to work."

This was error. The very question was whether the plaintiff had assumed the risk of the danger of his place caused by the failure of the master to use reasonable care not to create such danger or permit it to continue. The very doctrine of assumption of risk by a servant has reference to risks which exist by the negligence of the master, i. e., by his failure to use reasonable care. It is out of such negligence of the master that the question of assumption of the risk by the servant arises. Except there be negligence of the master which makes him liable unless the servant assumed the risk arising from such negligence, the question of such assumption cannot arise—there is nothing for it to rest on. Mansell v. Conrad, 125 App. Div. 634, 109 N. Y. Supp. 1079. There are certain risks inherent in certain employments, and which cannot be lessened or removed by any care of the employer. It is a common expression to say that the servant "assumes" these risks, by which is meant the strictly accurate statement that the law casts them upon him, and that the master is not responsible for them. It is risks arising out of the lack of care of the master to which the doctrine of assumption of risks by the servant applies; and unless the master be found negligent, such doctrine has no application to the

case. By charging that the plaintiff assumed no risks until the master fulfilled his duty of furnishing a safe place, the right of the jury to find that the plaintiff assumed the risk caused by the failure of the master to do so was taken away; and that is the only question there was in the case.

If the danger was one incident to the details of the work as it progressed, the question was not one of furnishing a safe place, but of carrying on the work in a safe manner, or on a safe plan; but we have to take the case on the basis on which it was tried and sent to the jury.

The judgment should be reversed.

RICH, J., concurs. JENKS and BURR, JJ., concur in result.

WOODWARD, J. (concurring). I think there was error in the charge. While it is true that the employé is deemed to have accepted only the risks of the employment which remain after the master has discharged his duty of furnishing a reasonably safe place to work and reasonably safe tools and appliances, this rule relates only to the incidental risks, and has no relation to open and obvious risks which the servant may waive, whether such risks are due to the negligence of the master or to the nature of the business. Knisley v. Pratt, 148 N. Y. 372, 378, 379, 42 N. E. 986, 32 L. R. A. 367. Blasting rock is obviously dangerous. It is the master's duty, no doubt, to take reasonable pains, considering the dangerous character of the work, to provide against accidents. But if the servant, knowing and appreciating that the master has taken no precautions, knowing, for instance, that a drunken and irresponsible foreman is in charge, goes into the employment, he not only accepts the risks which the nature of the employment brings, but he waives the negligence of the master in failing to supply a competent foreman. If he does not know and appreciate the character or condition of the foreman, he does not waive this condition of the employment, and the master is liable for injuries due to the neglect of the master in furnishing such a foreman.

The charge as given did not state the law correctly as applied to the facts in this case, and for this error the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.