## MILLIGAN v. CLAYVILLE KNITTING CO.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

1. MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT—ASSUMED RISK—INSTRUCTIONS.

   In an action to recover for injuries to plaintiff, a factory employé, by stepping into a hole in the floor which had existed for several weeks and which plaintiff had passed several times each day, an instruction that, while plaintiff assumed obvious risks, she did not assume the risks of service until the master had performed its duty to provide a reasonably safe place and to maintain it in a reasonably safe condition, was erroneous.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610, 611, 614; Dec. Dig. § 219.*]

2. WITNESSES (§ 219*)—PHYSICIANS—PRIVILEGED COMMUNICATIONS.

   A physician who examined plaintiff a considerable time after her injury, not in connection with visits made by plaintiff's attending physician, who was called by plaintiff and testified as to such visits, was incompetent to testify over plaintiff's objection as to the result of his examination, under Code Civ. Proc. § 834.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 781, 782; Dec. Dig. § 219.*]

3. APPEAL AND ERROR (§ 260*)—EXCLUSION OF EVIDENCE—NECESSITY OF EXCEPTION.

   Defendant may not complain on appeal of the exclusion of evidence to which no exception was taken.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503, 1504; Dec. Dig. § 260.*]

   McLennan, P. J., and Robson, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Oneida County.

Action by Mary Ann Milligan against the Clayville Knitting Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

James F. Hubbell, for appellant.
Albert J. O'Connor, for respondent.

SPRING, J. This action is brought in pursuance of the employer's liability act (Consol. Laws, c. 31) to recover for damages claimed to have been sustained by the plaintiff in falling through a hole in the floor of defendant's manufactory where she was at work.

The defendant, a domestic corporation, owns and operates a knitting mill at Clayville, in this state. On July 20, 1908, the day of the accident, the plaintiff, then a woman some 66 years of age, was employed by the defendant in its said factory as a winder. She commenced her employment for the second time on April 20, 1908, and continued it to the time of receiving her injury, working on the same machine for some three months prior to the accident. About three or four weeks preceding July 20, 1908, a brusher machine, located on the same floor and in the neighborhood of the machine on which the plaintiff was employed, had been removed, and its removal left exposed in the floor a hole some four or five inches wide and six or seven inches long, through which a belt, for power purposes, had been run from the floor below to the brusher machine. The plaintiff had occasion to go near the hole many times during the course of her employment, although she testified she was unaware of its existence. On the day in question she left her machine for the purpose of getting some bobbins and a drink of water, and on her way stepped into this hole, receiving injuries to her leg. The other witnesses on behalf of the plaintiff testified the hole was plainly visible, and that they observed it day by day as they passed it. The witness Mary Fleming, testifying for the plaintiff, said that in a conversation between the plaintiff and herself shortly after the accident the following occurred:

"I asked her if she had known that the hole was there, and she said 'Yes,' but didn't think when she left her machine to go to get a drink of water. She didn't think of it; but she had known the hole was there."

The hole had been in existence for several weeks. The plaintiff passed it several times each day, and, if the testimony of Mary Fleming is to be believed, the plaintiff knew the hole was there, but did not have its presence in mind at the time she was injured.

The court in submitting the question of assumption of risk to the jury made this statement:

"The servant practically agrees with the master, while in the discharge of the duties that they are called upon to discharge, and in the performance of the labor and the work, to assume those obvious risks and dangers that exist in the employment. The servant never assumes those risks of the service until the master has done its duty by the servant in seeing to it that a reasonably safe place is provided for the discharge of those duties, and in seeing to it that it remains in a reasonable condition of safety. In other words, in

·this case, the obligation rests upon the defendant before it can assert that as a defense to this action to see to it that it has discharged the duties and obliga·tions to the plaintiff that rest upon it."

I think this was not a correct statement of the law. If the risk is ·an· obvious one, plain to be seen by the employé, and due to the omission of the employer, the employé has no right to assume that his ·master has performed his duty and made the place safe. It is obvious that the master has not performed his obligation to the servant, and the latter performs his work knowing of this delinquency. He ·cannot, then, if injury results by reason of this apparent, plain omission of his employer, relieve himself from assuming the risks upon the ground that the master did not perform his duty. Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367; Dowd v. N. Y. ·O. & W. Ry. Co., 170 N. Y. 459, 63 N. E. 541; Hurley v. Olcott, 134 App. Div. 631–637 et seq., 119 N. Y. Supp. 430. In the former case, , the defendant had failed to protect the cogs of a machine on which the plaintiff was at work by suitable guards, as required by the factory ·act. The absence of the guards was obvious, known to the plaintiff, ·and yet she continued working on the machine. The Court of Appeals held that the plaintiff assumed the obvious risks, although the ·defendant had violated the law in failing to guard properly the cog wheels, and reversed a judgment for the plaintiff. The principle of that case has not been disturbed by the employer's liability act. The question of assumption of risks is for the jury (Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 84 N. E. 397); but, if the jury find ·the servant is injured by reason of a defect or risk which he knows all about, he cannot recover of his employer.

The principle so often stated in general language that the risks ·a servant assumes are only those occurring after the master has already performed his duty has no application to obvious risks—those the servant knows all about. Rooney v. Brogan Con. Co., 194 N. Y. 32, 86 N. E. 814; Bria v. Westinghouse, C. K. Co., 133 App. Div. 346, 117 N. Y. Supp. 195. In the former case the defendant's counsel asked the court to charge the jury:

" 'That if they find that he (the deceased) knew the hole was there, and that he knew it was unguarded and knew the condition of the flooring around the hole, and exercised all ordinary care to have known it, then if he knew those facts, as matter of law, they must find he assumed the risk, and cannot recover.' The court replied: 'I charge that with the qualification, however, that he must have appreciated all the dangers incident to that condition, and, if they find that he did know those facts and appreciated all the dangers incident to these facts, then as matter of law he assumed the risk.' "

To which exception was taken. The court held that the defendant charge as requested, and the qualification should not have been embodied in it. The court added:

"Precisely why it was necessary to show that the deceased, when knowing the dangerous conditions under which his work had to be performed, must also have appreciated the danger incident thereto (which is only to say possible from such an occurrence), is difficult to understand. To appreciate the danger incident to a condition of things signifies that the danger is recognized and that possible accidental consequences are justly estimated. But knowledge of

the unguarded opening and of the condition of the flooring about it necessarily involved recognition of the fact that tripping near and falling into the opening might be attended by results of a more or less fatal nature."

Exception was taken to the charge in the case we are now considering, as follows:

"The defendant excepts to that portion of your honor's charge in which you say to the jury, in substance, that the servant never assumes the obvious and apparent risks until the master has performed its duty."

The court, in response, stated: "I will modify that charge by saying that the servant has a right to assume that the master has discharged its duty to the servant," to which exception was taken. The modified instruction contains the same error as the original charge.

In this case the jury might have found that the plaintiff was aware of this hole and should have observed it, and hence the rule laid down by the court was incorrect. In the foregoing observations we are only considering the erroneous statement of the law made by the trial judge. We certainly are not holding that the case should have been taken from the jury.

Dr. Scully was sworn by the plaintiff, and testified to the extent of the injury, and the treatment he prescribed. The defendant thereupon caused Dr. Dawing to be called as a witness in its behalf, and endeavored to show the examination he made of the plaintiff a considerable time after, and not in connection at all, with the visits made by Dr. Scully. This evidence was objected to under section 834 of the Code of Civil Procedure, and was excluded, and I think properly so. Hennessy v. Kelley, 55 App. Div. 449, 66 N. Y. Supp. 871. Furthermore, no proper exception was taken to the exclusion of this testimony. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide event.

All concur (KRUSE, J., in separate memoranda), except McLENNAN, P. J., and ROBSON, J., who dissent in opinion by McLENNAN, P. J.

KRUSE, J. I concur upon the ground that the charge was erroneous upon the question of assumption of risk in the respect pointed out in the opinion of Mr. Justice SPRING. I think, however, that, even if the plaintiff knew of the opening in the floor, it does not necessarily follow that she cannot recover. The action is brought under the employer's liability act. Under the provisions of that act, although the risk was obvious, it is still a question of fact whether she assumed it. I think the employer's liability act has changed the rule of the common law in that regard, and that the change is not merely in procedure (namely, in requiring the assumption of the risk to be submitted to the jury as a question of fact), but that the substantive law itself has been changed.

McLENNAN, P. J.   I dissent upon the· ground that the defendant was guilty of negligence in leaving an unguarded hole in the floor of its factory over which the plaintiff and its other employés were accustomed to travel in the ordinary prosecution of their work.   The evidence establishes that, although the plaintiff may have known that the hole existed in the floor, she did not have in mind such palpable and inexcusable defect in her pathway at the time of the accident, and therefore, as it seems to me, she was not chargeable with assumption of risk or with contributory negligence.   At the time of the accident the plaintiff was performing her duty in the ordinary manner.   She went from the place where she was employed over the ordinary route provided by the master to another point in its shop or factory and she fell into a hole in the floor of such route, which was unguarded, and it seems to me that, although she may have known that such hole existed, she was not guilty of negligence because she failed to have it in mind at the time the accident occurred.

It seems to me that the alleged error of the learned trial judge in his charge is not such as to require the reversal of the judgment in this case, and I therefore vote for affirmance.

ROBSON, J., concurs.