### GORMAN v. MILLIKAN.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. MASTER AND SERVANT (§ 219*)—INJURIES TO SERVANT—ASSUMPTION OF RISK —KNOWLEDGE OF DANGER.

Where defects in appliances or instrumentalities for work furnished to a servant were obvious and known to him, he assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 610–624; Dec. Dig. § 219.*]

2. APPEAL AND ERROR (§ 1067*)—REVIEW—PREJUDICIAL ERROR—INSTRUCTIONS.

In an action for injury to a servant, where, assuming the master to have been negligent, it was a serious question whether plaintiff did not fully understand that he was working with insufficient appliances and with knowledge of the dangers therefrom, the refusal to instruct that,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

if the negligence was obvious and known to the plaintiff, he might .assume the risk of such negligence, was prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229;' Dec. Dig. § 1067.*]

Appeal from Trial Term, Albany County.

Action by David Gorman against Lynn B. Millikan. From a judgment on the verdict for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Hun & Parker (Michael D. Reilly, of counsel), for appellant.
William H. Murray and Andrew J. Nellis, for respondent.

PER CURIAM. In this action of servant against master, plaintiff has recovered a judgment for personal injuries due to the alleged negligence of the defendant. Plaintiff was engaged in the work of lowering heavy planks, weighing 300 or 400 pounds, from the top of a structure to the ground, a distance of about ·65 feet. The defendant· has been found negligent in not furnishing adequate appliances or instrumentalities for the work. The court, in charging the jury, after reading section 3 of the employer's liability act (Consol. Laws, c. 31), relating to the assumption of risks by the employé, stated with somewhat more than usual emphasis that an employé never assumed risks due to the negligence of the master; that he assumed the risks of the business inherent in the occupation, and which he knew about and understood, but never assumed risks due to the negligence of the master. With varied phraseology the counsel for the defendant at the close of the charge made several requests, the purpose of which was to have the jury instructed that, even though the defendant was negligent, if such negligence was obvious and known to the plaintiff, he might nevertheless have assumed the risk of such negligence. The court declined to charge these propositions, and steadily adhered to the position taken in the main charge.

The learned trial justice was in error. Milligan v. Clayville Knitting Co., 137 App. Div. 383, 121 N. Y. Supp. 763; Bria v. Westinghouse, Church, Kerr & Co., 133 App. Div. 346, 117 N. Y. Supp. 195. There has, perhaps, been more or less confusion in regard to this question; but, as stated in the cases cited, the principle enunciated by the learned trial justice relates only .to incidental risks, and has no relation to open and obvious risks which the servant knows about, whether such risks are due to the negligence of the master or to the nature of the business. In the present case, assuming the defendant to have been negligent, it is a serious question on ·the facts whether the plaintiff did not fully understand that he was working with insufficient appliances and with knowledge of the danger arising therefrom: The question of the assumption of risk by ·plaintiff was of vital importance, and the jury should have been carefully and accurately instructed in reference thereto. ·The error of the court was, therefore, a substantial one, and may

very easily have been the pivotal factor in the minds of the jury in reaching their verdict.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

