appurtenance to said lands, sufficiently describes the land to which the way is appurtenant, as against objection first raised at the trial; indefiniteness and uncertainty of a complaint not justifying its dismissal, but the remedy being, under Code Civ. Proc. § 546, by motion to make definite and certain.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1174.]

Appeal from Special Term, Saratoga County.

Action by Nicholas Palmer and another against George W. Van Deusen. From a judgment dismissing the complaint on a trial before the court, plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

James H. Bain, for appellants.

Edgar T. Brackett (William S. Ostrander, of counsel), for respondent.

JOHN M. KELLOGG, J. In this action to enjoin defendant from obstructing a right of way across his premises upon the trial the plaintiffs stated that they "did not claim any public right of way nor any personal right of way on behalf of the plaintiffs, but only for a right of way appurtenant to the plaintiffs' land." Thereupon the court held the complaint insufficient, for the reason that it did not describe the lands to which it was claimed the right of way was appurtenant. In all other respects the complaint is concededly sufficient.

The complaint showed that the right of way described came up to and bordered upon the plaintiffs' "Palmer one hundred acre lot," and that it was a convenient and necessary means of communication between and across the lands of the plaintiffs in said town, and for that reason was a suitable appurtenance to said lands. The naming of the plaintiffs' Palmer 100-acre lot, and their other lands in said town, is a sufficient description of the lands to which said way is appurtenant to enable the plaintiffs to maintain their action when the objection is raised for the first time upon the trial. The fact that a complaint is indefinite and uncertain does not justify its dismissal. The Code of Civil Procedure (section 546) has provided a remedy to cure such a defect.

The judgment should therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

---

MARTIN v. WALKER & WILLIAMS MFG. CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—EVIDENCE—NEGLIGENCE OF MASTER.

Where, in an action for a servant's injuries, the only negligence charged was in defendant's permitting a pool of oil to remain on a machine platform, and in failing to inspect the machine so as to prevent oil from dropping on the platform, by reason of which plaintiff slipped on the oily surface and was injured by the rolls of the machine, and evidence that the rolls were without any guard, in violation of Labor Law, Laws

1897, p. 461, c. 415, was admitted as a surrounding circumstance to show negligence in leaving oil on the floor where an employé might slip and be thrown into an unguarded machine, but not to show negligence in violating the labor law, it was error to permit evidence that similar machines in defendant's factory and in other factories were covered or guarded, to show that it was practicable to do so.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 921.]

**2. SAME—COMPLAINT—AMENDMENT.**

Where a servant slipped on a pool of oil on the platform of an unguarded machine, and was injured by the rolls thereof, but the complaint charged negligence only in permitting the pool of oil to remain on the platform, etc., plaintiff could not rely on defendant's violation of the Labor Law, Laws 1897, p. 461, c. 415, prohibiting the operation of such machines with uncovered rolls, without amending the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 825-832, 872.]

**3. TRIAL—CURING ERROR.**

Where evidence that the rolls of a machine by which plaintiff was injured were uncovered, in violation of Labor Law, Laws 1897, p. 461, c. 415, was admitted merely to show negligence in leaving a pool of oil near such machine, which was the cause of plaintiff's fall, error in admitting evidence that similar machines were covered in defendant's factory and in other factories was not cured by an instruction that the jury might consider the fact that the rolls were not covered, but not that it was a violation of the labor law.

Appeal from Trial Term, Albany County.

Action by William Martin, an infant, by Hermine Martine, his guardian ad litem, against the Walker & Williams Manufacturing Company. From a judgment on a verdict in favor of plaintiff for $2,000, and from an order denying defendant's motion for a new trial on the minutes, it appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Countryman, Nellis & Du Bois (Andrew J. Nellis, of counsel), for appellant.

John Scanlon, for respondent.

JOHN M. KELLOGG, J.   In his complaint the plaintiff alleges the negligence of the defendant in permitting a pool of oil to remain upon the platform upon which its Garnett machine stood, and its negligent failure to inspect said machine so as to prevent the oil from dropping upon the platform, by reason of which the plaintiff slipped upon the oily surface of the platform, fell into the machine, and was severely injured by its rollers.

Upon the trial, under the defendant's objection that no violation of the Labor Law, Laws 1897, p. 461, c. 415, and no negligence in leaving the rollers unguarded was alleged, plaintiff was permitted to prove that the Garnett machine into which he fell did not have a cover or guard over the rollers.  This evidence was permitted upon the ground that it was proper to show the situation surrounding the accident, whether a violation of the labor law was alleged or not.  Later, over a similar objection and exception, plaintiff was permitted to show that

other machines of the same kind in this factory, and in other factories, had the rollers covered or guarded, as tending to show that it was practicable to cover or guard these rollers. It was improper to show that other machines in this and in other factories were guarded, for it was entirely immaterial under the pleadings whether it was practicable to guard this machine or not. Leaving a pool of oil near an unguarded machine is just as negligent, whether it is practicable to guard the machine or not, for the negligence is not in leaving the machine unguarded, but in leaving the oil upon the floor where an employé is liable to slip and be thrown into the unguarded machine. This evidence as to the other machines brought into the case an issue not foreshadowed by the pleadings, and it is impossible to say whether the recovery was based upon negligence in allowing oil to drop upon the floor, or in leaving the rollers of the machine uncovered. The question was squarely raised upon the trial, and, if the plaintiff desired to rely upon a violation of the labor law, or negligence in leaving the rollers unguarded, he should have amended his complaint. At the close of the case the court informed the jury that they might take into consideration the fact that there was no cover upon the rollers, but not that it was a violation of the labor law. This did not cure the error. Irrespective of the labor law, the jury may have determined that it was negligence to put the plaintiff at work around an unguarded machine. Plaintiff suffered his serious injury by falling against the rollers while they were in motion, and the evidence was clearly prejudicial.

The judgment and order should therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### WREN v. KENNEDY VALVE MFG. CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. MASTER AND SERVANT—DEATH OF SERVANT—DEFECTIVE APPLIANCES.

In an action for death of plaintiff's intestate by the accidental tipping of a ladle containing molten metal in defendant's foundry, evidence *held* insufficient to support a finding of negligence on defendant's part in providing an alleged defective hook by which the ladle was attached to a crane.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 958.]

2. SAME—REPAIR AFTER ACCIDENT—EVIDENCE.

Where plaintiff's intestate was killed by the spilling of molten metal from a ladle in defendant's foundry, alleged to have been due to a defective bail, evidence that after the accident the bail was repaired could not be considered on the issue of defendant's negligence at the time of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 918.]

Appeal from Trial Term, Albany County.