EARL B. PROCTOR, Respondent, *v.* ROCKVILLE CENTRE MILLING AND CONSTRUCTION COMPANY, Appellant.

Master and servant — duty of master to furnish a machine which may be operated with reasonable safety — effect of Employers' Liability Act upon liability of master and defense of assumption of risks by servant — form of pleading under statute — unguarded ripsaw in sawmill.

1. The duty of an employer requires proper effort by him to furnish a machine which may be operated with reasonable safety and without unnecessary dangers. It is not enough that he has supplied a machine which may be operated, but which creates unnecessary risk on the part of the employee.

2. The Employers' Liability Act in effect eliminated the so-called fellow-servant rule in certain cases by providing that the employer should be liable to one employee for the default of another employee who was performing or who was intrusted with the duty of performing acts of superintendence. It likewise modified the defense of assumption by an employee of risks flowing from the default of the employer by providing that the question of such assumption should not in any case be one of law but should be one of fact. The fact that a cause of action existed upon the facts alleged at common law does not prevent a party from bringing his action therefor under the statute and receiving the benefit of the latter modification.

3. Where the complaint alleges a cause of action under and the service of the notice required by the statute, it is a plain indication that the plaintiff intends to rely on it, and it is not necessary to so state in precise or specific words.

4. Defendant was proprietor of a sawmill in which plaintiff was injured while operating a ripsaw for which no guard was provided, as required by the Labor Law. *Held*, that the absence of such guard was a defect in the "ways, works and machinery" under the statute.

*Proctor* v. *Rockville Centre M. & C. Co.*, 141 App. Div. 900, affirmed.

(Submitted May 22, 1912; decided June 4, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 7, 1911, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Carl Schurz Petrasch* for appellant. It was error to submit this case to the jury as one under the Employers' Liability Act, because no cause of action was proven for which the act affords a remedy. (*Scott* v. *Nauss Bros. Co.*, 141 App. Div. 264; *Rosin* v. *L. Mfg. Co.*, 89 App. Div. 245; *Gmaehle* v. *Rosenberg*, 178 N. Y. 151; *Harris* v. *B. M. & E. Works*, 188 N. Y. 141; *Nappa* v. *Erie R. R. Co.*, 195 N. Y. 176; *Curren* v. *M. R. R. Co.*, 118 App. Div. 347; *Davenport* v. *O. A. Co.*, 132 App. Div. 368; *Simpson* v. *Foundation Co.*, 132 App. Div. 375; *McDonnell* v. *Robinson Co.*, 136 App. Div. 598; *Beauregard* v. *N. Y. Tunnel Co.*, 136 App. Div. 834.) The case being solely a common-law action, plaintiff was not entitled to the benefits of the Employers' Liability Act. (*Jackson* v. *Greene*, 201 N. Y. 76; *O'Neil* v. *Karr*, 110 App. Div. 571; *Bushtis* v. *C. C. Co.*, 128 App. Div. 780.)

*John Lyon* for respondent. The absence of the guard from the ripsaw constituted a defect within the meaning of subdivision 1 of section 1 of the Employers' Liability Act (L. 1902, ch. 600). (*Ryalls* v. *Mechanics' Mills*, 150 Mass. 190; *Mobile & B. Ry. Co.* v. *Holborn*, 84 Ala. 133.) The case was within the provisions of the Employers' Liability Act, and the plaintiff was entitled to the benefit of the provisions of that act. (*O'Neil* v. *Karr*, 110 App. Div. 571; *Larson* v. *L. S. Co.*, 146 App. Div. 238; *Herlig* v. *Burns*, 133 App. Div. 764; *Baccelli* v. *N. E. B. Co.*, 138 App. Div. 656; *Glynn* v. *N. Y. C. & H. R. R. R. Co.*, 125 App. Div. 86; *Simpson* v. *Foundation Co.*, 132 App. Div. 375; *Edgar* v. *B. H. R. R. Co.*, 146 App. Div. 541.)

HISCOCK, J. On and prior to February 8, 1909, appellant was the proprietor of a sawmill in which respondent was an employee and wherein was operated a ripsaw.

Appellant failed to provide a guard for said piece of machinery as required by the provisions of what was then section 81 of the Labor Law, with the result that respondent was injured while operating the saw. Thereafter the latter brought this action, as claimed by him, under the Employers' Liability Act (then chapter 600 of the Laws of 1902) and recovered a verdict.

On this appeal several reasons are assigned why the judgment should not be allowed to stand, but only three of them require any consideration.

It is urged that the lack of a guard on the saw did not constitute a "defect in the condition of the ways, works and machinery." This contention is plainly at variance with a reasonable construction of the statute. The duty of an employer requires proper effort by him to furnish a machine which may be operated with reasonable safety and without unnecessary dangers. It is not enough that he has supplied a machine which may be operated but which creates unnecessary risk on the part of the employee. The legislature by the provision of the Labor Law referred to enacted and thereby determined that a guard was necessary to the safe and proper operation of a ripsaw. When, therefore, the appellant failed to furnish such a guard it is plain that his machinery lacked an essential feature and was defective. Any other construction of the law would be lacking both in justice and in common sense.

It is next urged that an action for negligence of an employer such as is alleged in this case cannot be brought under and secure the advantages of the Employers' Liability Act. The practical consideration involved in this contention of course is that if the action may be brought under said act then the question of respondent's assumption of the risk resulting from the defect in the machine becomes one of fact instead of law as it might otherwise be, and as appellant would like to have it.

The argument in favor of this contention is that sub-

division 1 of section 1 of the act which relates to liability for defects in the ways, works and machinery, and which, if any, covers this action, does not create any liability on the part of the employer which did not exist at common law, and, therefore, there was no necessity for providing, and it could not have been the intention of the legislature to provide, that an action to enforce such liability should be brought under the act, and to emphasize this argument it is affirmed that subdivision 2 of said section creates a new liability not existing at common law on the part of employers for the neglect of certain employees intrusted with and exercising superintendence, and that it was for the maintenance of this class of actions that the statute provided.   Again, I think the appellant is contending for an interpretation of the statute which is too narrow, and which loses sight of some of its important purposes.

The statute increased the liability of employers by abolishing or modifying two defenses which had theretofore existed in cases of employees against employers.   In effect it eliminated the so-called fellow-servant rule in certain cases by providing that the employer should be liable to one employee for the default of another employee who was performing or who was intrusted with the duty of performing acts of superintendence.   The legislature evidently determined that it was unjust and unwise that the employer should be allowed to escape responsibility for the proper performance of these important duties in the relationship of employer and employee by delegating them to an employee.

The statute likewise modified the defense of assumption by an employee of risks flowing from the default of the employer by providing that the question of such assumption should not in any case be one of law but should be one of fact.   That provision as already stated presents the practical consideration involved in this appeal because the appellant assumes that except for it the respondent

would be chargeable with assumption of risk as a matter of law.

There was no reason why the legislature should refuse to extend the benefit of this modification of the defense of assumption of risk to a given case of negligence on the part of the employer because the facts alleged in it would have made out a cause of action at common law before the statute was passed. I know of no reason why it might not have enacted that in any case thereafter brought by an employee against an employer the question of the assumption of risk should be one of fact instead of law. There is no question of power, but simply one of construction. Does the statute fairly construed apply the modification just referred to to an action like the present one and authorize a plaintiff to bring his action under the statute and secure the benefit of this modification. As already indicated, it seems plain to me that it does.

The act is entitled one "to extend and regulate the liability of employers," etc. Section 1, subdivision 1, provides that "Where, after this act takes effect, personal injury is caused to an employee   *   *   *

"1. By reason of any defect in the condition of the ways, works or machinery" the employer shall be liable as therein provided.

Section 3 provides that "In *an action* maintained for the recovery of damages for personal injuries to an employee received after this act takes effect," etc., the question whether the employee assumed the risk shall be one of fact.

If this last provision does not confer its advantages generally and literally on any and every negligence action brought by employee against employer after the statute took effect, it must be because by fair implication it refers only to such actions as are specially enumerated or referred to in the statute. The former and broader construction has been urged but has been overruled (*Simpson* v. *Foundation Co.*, 132 App. Div. 375; *S. C.*, 201 N. Y. 479),

and, therefore, naturally the remaining conclusion follows that it does apply to that class of cases enumerated in section one and to which the present action belongs.   The result of this interpretation is that the statute gave to respondent certain advantages in bringing under it an action based on facts which it may be assumed for the purposes of this appeal also constituted a cause of action at common law but without these advantages.   I know of no case or principle which prevented this.   The legislature has a perfect right to thus give to an injured employee an election between two courses, and especially in this case it is to be observed that it exacted as a condition of pursuing the more favorable one that he should give the notice prescribed by the statute for the benefit of the employer.

Lastly it is insisted that the complaint did not purport to set forth a cause of action under the statute.   It alleges the various facts which are claimed to make out a cause of action.   It does not in precise or specific words state that the action is brought under the statute.   It does, however, allege the service of a notice which was only required and proper as the basis for the maintenance of an action under the statute.   There was no relevancy or propriety in the service of the notice if the respondent intended to rely on the common law.   The allegations of its service, therefore, were as plain an indication as could be required that the respondent intended to rely on the statute.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur; VANN, J., absent.

Judgment affirmed.