(152 App. Div. 434.)

BELL v. PROCTOR & GAMBLE MFG. CO., Inc.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

1. MASTER AND SERVANT (§ 121*)—VATS—NECESSITY FOR GUARD.
    The requirement, under Labor Law (Consol. Laws 1909, c. 31) § 81,
    that vats be properly guarded, requires guards to prevent injury to em-
    ployés through splashing of liquids, as well as to prevent their fall into
    vats, if such injury would be foreseen by a reasonably prudent man in
    using ordinary care.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–
    231; Dec. Dig. § 121.*]

2. MASTER AND SERVANT (§§ 286, 288*)—VATS—FAILURE TO GUARD—JURY
    QUESTIONS.
    Whether failure of an employer to guard a vat to prevent splashing
    of an injurious liquid upon a workman was negligent, in view of the re-
    quirement, under Labor Law (Consol. Laws 1909, c. 31) § 81, that vats
    be guarded, and whether the workman assumed the risk, held, under the
    evidence, jury questions.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
    1068–1088, 1001, 1006, 1010–1050; Dec. Dig. §§ 286, 288.*]

3. MASTER AND SERVANT (§ 121*)—"DEFECTIVE."
    Machinery permitted to remain unguarded, in violation of Labor Law
    (Consol. Laws 1909, c. 31) § 81, is "defective," within the meaning of the
    Employer's Liability Act.
    [Ed. Note.—For other cases, see Master and Servant. Cent. Dig. §§
    228–231; Dec. Dig. § 121.*
    For other definitions, see Words and Phrases, vol. 8, p. 7631.]

4. MASTER AND SERVANT (§ 265*)—NEGLIGENCE—FAILURE TO GUARD MACHIN-
    ERY—BURDEN OF PROOF.
    The burden is on an employer, sued for injury resulting from alleged
    negligent failure to guard a vat to prevent splashing, to show that it
    was impracticable to maintain a guard.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–
    908; Dec. Dig. § 265.*]
    Hirschberg and Burr, JJ., dissenting.

Appeal from Trial Term, Richmond County.

Action by Adam Bell against the Proctor & Gamble Manufacturing
Company, Incorporated.   Judgment dismissing the complaint, and
plaintiff appeals.   Reversed, and new trial granted.

Argued before HIRSCHBERG, BURR, CARR, WOODWARD,
and RICH, JJ.

Warren C. Van Slyke, of New York City (George M. Pinney, of
New York City, on the brief), for appellant.

Bertrand L. Pettigrew, of New York City (Walter Lester Glenney,
of New York City, on the brief), for respondent.

CARR, J.   The plaintiff appeals from a judgment dismissing his
complaint at the close of his proofs.   The action was brought by a
servant against his master to recover damages for personal injuries,
caused by the alleged negligence of the defendant in failing to fur-
nish to the plaintiff a reasonably safe place in which to work.   The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r-Indexes

plaintiff had been in the employment of the defendant for about 18 months before the happening of the accident. The defendant carried on a large business of converting various substances into glycerine. In its factory were located a number of large iron stills, heated by steam. In them were distilled from various substances the desired glycerine. After the process of distillation was completed, and the pure glycerine run off into other receptacles, the still was emptied into a vat located underneath it for the purpose of removing the impurities, which had resulted from the process of distillation, and which were called "foots." A pipe ran from the bottom of the still into the uncovered vat beneath. This vat, which was of iron, was about 5 feet in depth and about 15 feet in circumference. Its top was over 4 feet from the floor level. During all the period of the plaintiff's employment, he had been engaged, either at night or in the daytime, in emptying the stills. The one in question was surrounded with a meshwork of pipes, with an opening through which the operator could gain access to the still and vat. He had a long tool, which served as a key to open a valve in the pipe which emptied the still.

At the time of the accident, according to the plaintiff's testimony, he turned the valve slowly with the key, and allowed some of the impure material to run into the vat; then, as he testified, there came a sudden splashing from the pipe and vat, and the material splashed over him, causing him to be severely burned. He had never seen such a splashing before during his employment on this work. At various times theretofore some small drops of the material had splashed on his hands and other parts of his body, causing slight burns. No explanation was offered as to the cause of the splashing which resulted in the accident to the plaintiff, nor was any attempt made to show that there was any defect in the machinery, as to which the defendant was negligent. The whole claim of the plaintiff was to the effect that the vat in question should have been so guarded by a cover as to prevent any splashing of the heated material descending into it from the still. Reliance is had by the plaintiff on section 81 of the Labor Law (Consol. Laws 1909, c. 31), which provides in part as follows:

"All vats, pans, saws, planers, cogs, gearing, belting, shafting, set-screws and machinery, of every description shall be properly guarded."

[1] Evidence was given by the plaintiff, through a witness, Calvert, who had been a foreman in the place, that on various occasions, when the still was opened, the contents had splashed 3 or 4 feet, and on one occasion 12 feet, and that said Calvert had called the attention of his superiors to the danger likely to result from such splashing. The learned trial court was of the opinion that the words "properly guarded," used in the statute in relation to a vat, meant some barrier which would prevent an employé from accidentally falling into the vat, and did not apply to any precautionary device to prevent the contents of still or vat from splashing out over those at work near by.

[2, 3] We think that the words "properly guarded" were not used in this statute in such a restricted sense. Whatever guard was re-

quired by the statute was one proportionate to the reasonably expectable danger arising from the ordinary use of the machinery or receptacle in question. In this case there could have been no probable danger of an employé accidentally falling into the vat. Whether any precautionary device should have been used to prevent a danger of the material in question splashing out on an employé at work near by, would depend on whether or not a man of reasonable prudence, in the exercise of ordinary care, should have anticipated the likelihood of such a happening. That question is primarily one for a jury, unless no inference of negligence was permissible. If there had been splashing for a considerable distance at various times in the use of these stills and vats, and this fact was brought home to the attention of the master, then it was a question for the jury to determine whether, in view of such circumstances, some device by way of a guard should have been employed for the protection of employés from the danger of such splashing. And if such a guard was properly required, then the machinery in question was defective, within the meaning of the Employer's Liability Act. Proctor v. Rockville Center Milling Co., 205 N. Y. 508, 99 N. E. 81.

[4] The plaintiff set up in his complaint and proved the service of a notice sufficient to bring his action within the remedial provisions of the statute above cited. If for any reason it was impracticable, in the proper use of these appliances, to guard this vat against the likelihood of a splashing, then it was incumbent upon the defendant to offer such proof. Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413.

We are of opinion, therefore, that on the record now before us it was error for the trial court to dismiss the plaintiff's complaint. The questions of the defendant's negligence and the plaintiff's assumption of risk should have been submitted to the jury.

Judgment reversed, and new trial granted; costs to abide the event.

WOODWARD and RICH, JJ., concur. HIRSCHBERG and BURR, JJ., dissent.