(79 Misc. Rep. 507.)

### ROSASCO v. IDEAL OPENING DIE CO.

(Supreme Court, Trial Term, New York County.  February, 1913.)

1. MASTER AND SERVANT. (§ 252*)—NOTICE UNDER EMPLOYER'S LIABILITY ACT —SUFFICIENCY.

A notice, which so stated the physical facts as to show how the injury was caused and that the negligence consisted of failure to properly instruct and of the ordering of dangerous work by foremen, giving their names, charged with the duty of superintendence, and which gave the time and place of the accident, was sufficient to comply with the requirements of the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), as it stood prior to the amendment of 1910, requiring notice to the employer as a condition precedent to the maintenance of an action against him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

2. MASTER AND SERVANT (§ 264*)—RECOVERY AT COMMON LAW—EMPLOYER'S LIABILITY ACT—NOTICE.

Where the evidence in an employé's action for injuries establishes a cause of action at common law, and the instructions are not erroneous or misleading as applied to a common-law liability, he is entitled to recover, though the complaint alleges the giving of notice in compliance with the requirements of the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), and the notice does not in fact comply with such statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

3. MASTER AND SERVANT (§ 291*)—INJURY TO SERVANT—FAILURE TO INSTRUCT —LIABILITY OF MASTER.

Where, in an employé's action for injuries due to the master's failure to instruct, it appeared that the master had delegated to a foreman the duty of instructing and the foreman had neglected same, the foreman's negligence was imputable to the master either at common law or under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204), and his liability in either case was the same; and hence the fact that the court referred to the statute in his charge did not make the charge erroneous or defeat plaintiff's right of recovery on the common-law liability.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

4. MASTER AND SERVANT (§ 291*)—INJURY TO SERVANT—INSTRUCTIONS—ASSUMPTION OF RISK.

In an employé's action at common law, it is not error for the court, under the mistaken belief that the action is brought under the statute to instruct that the assumption of risk is a question of fact where the evidence makes it such considering the action as one at common law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

5. MASTER AND SERVANT (§ 226*)—INJURY TO SERVANT—DEFENSE—ASSUMPTION OF RISK.

Assumption of risk is no longer a defense in an employé's action for injuries due to the employer's negligence, whether the action be brought at common law or under the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John Rosasco against the Ideal Opening Die Company. Defendant moves to dismiss the complaint and for a new trial. Motion denied.

Thomas J. O'Neill, of New York City (Moses Feltenstein, of New York City, of counsel), for plaintiff.

Herrick C. Allen, of New York City, for defendant.

PENDLETON, J. Defendant moved to dismiss on the evidence and also, after a verdict for the plaintiff, for a new trial on the minutes, on the ground that error was committed by the court in charging and refusing to charge as to the question of assumption of risk. The action was brought by an employé against an employer for damages alleged to have been the result of defendant's negligence. The negligence charged is the failure to instruct and improper instructions by a foreman as to the use of a dangerous machine. Plaintiff's testimony tended to show that the defendant's foreman failed to properly instruct and instructed the plaintiff to do certain things in the use of a dangerous machine which, it was conceded by the foreman and all the witnesses for the defendant, if true, was an improper instruction, involved great risk, and was not a proper thing to have done. Whether or not the foreman neglected to give proper instructions or gave the improper instructions in question were questions of fact for the jury. Defendant claims, however, that the danger involved in doing the thing as instructed by the foreman was obvious and apparent and requested the court to make certain charges in regard to the rules of law appertaining to the assumption of risk and duly excepted to the charge made and the refusal to charge as requested. The complaint alleged the service of a notice under the Employer's Liability Act as it stood prior to the amendment of 1910, under which the question of assumption of risk is one of fact for the jury. There were various acts of negligence alleged in the complaint. All were, however, taken from the jury except those above stated. Defendant claims that the notice was insufficient under the Employer's Liability Act (Consol. Laws 1909, c. 31, §§ 200–204).

[1] The notice stated, among other things, the physical facts as to how the injury was caused, and that the negligence was failure to properly instruct and ordering dangerous work by foremen, giving their names, charged with the duty of superintendence. It also gave the time and place of the accident and was sufficient to put the master on inquiry and adequately apprise him of the facts to enable him to investigate. This is all the act requires. Smith v. Milliken Bros., Inc., 200 N. Y. 21, 93 N. E. 184; Rodzborski v. American Sugar Refining Co., 151 App. Div. 395, 135 N. Y. Supp. 1063; Hurley v. Olcott, 134 App. Div. 631, 119 N. Y. Supp. 430.

[2] But assuming that the notice was insufficient under the act, still if the plaintiff on the evidence established a cause of action at common law he was entitled to recover notwithstanding the allegation in the complaint as to the notice (Flanagan v. Carlin C. Co., 134 App. Div. 236, 118 N. Y. Supp. 953), unless the charge of the court as to the law applicable to the facts proved was error as to the com-

mon-law liability or the jury were misled as to the questions to be decided by them or the effect thereof:

[3] If the charge correctly state the law and the jury were correctly instructed as to the verdict they should render on the facts as they might find them to be, no error was committed. In Chernick v. Independent Am. Ice Cream Co., 147 App. Div. 768, 132 N. Y. Supp. 104, where the complaint alleged acts of negligence, entitling plaintiff to recover, either at common law or under the statute, and further alleged the giving of the requisite notice under the statute, it was held error to compel plaintiff to elect as there was only one cause of action alleged. And in Payne v. New York, Sus. & West. R. R. Co., 201 N. Y. 436, 95 N. E. 19, it was held that an employé suing for injuries might plead in his complaint, as one cause of action, facts constituting negligence under the common law and facts constituting negligence under the statute; that there was only one cause of action, although based on several grounds of liability; and that upon the trial plaintiff might rely on any or all of the acts of negligence sustained by the evidence. Acardo v. New York Con. & Trucking Co., 116 App. Div. 793, 102 N. Y. Supp. 7. Of course, a judgment cannot be recovered or sustained on a theory not within the issues raised by the pleadings or proof. Such was Simpson v. Foundation Co., 201 N. Y. 479, 95 N. E. 10, Ann. Cas. 1912B, 321. For the distinction, see Payne v. New York Sus. & West. R. R. Co., 201 N. Y. 443, 95 N. E. 19. But a recovery may be had on any of the several theories included in the pleadings and proofs.

A plaintiff may seek to establish a cause of action both at common law and under the statute and may be defeated as to one and recover as to the other. Finney v. National Fire Proofing Co., 153 App. Div. 1, 138 N. Y. Supp. 73; Proctor v. Rockville Center Milling & Const. Co., 205 N. Y. 508, 99 N. E. 81. In this case the master himself gave no instructions; the foreman was charged with the duty of instruction; improper instruction in the failure to instruct, and as the duty to instruct is the master's, where the performance is intrusted to a foreman his negligence is imputable to the master at common law and under the statute, and so far as that matter is concerned the liability was the same and the jury was properly instructed, whether the action be deemed on the common law or statutory liability that the master was liable if the foreman was negligent, and the fact that the statute was referred to did not make the charge error or defeat the plaintiff's recovery on the common-law liability.

[4] The same is true as to the charge as to the assumption of risk. The only difference in the rule at common law and the statute, as the latter stood at the time this cause of action arose, is that under the statute it is always a question of fact, while at common law it may be a question of law. Proctor v. Rockville Center Milling & Const. Co., 205 N. Y. 511, 99 N. E. 81. On the evidence in this case it was not, even at common law, a question of law, but of fact. It was proper, therefore, whether it be regarded as an action at com-

mon law or under the statute to charge the jury, as was done in this case, that the assumption of risk was a question of fact.

At common law, if the master or his alter ego intrusted with the performance of the duty to instruct assumes to give instructions or directions as to a dangerous machine, it may justify the servant in relying on the presumed superior knowledge of the employer, and in such case by so doing he does not as matter of law assume the risk, although obvious. It is a question of fact; the giving of instructions makes a question of fact what might otherwise be a question of law, and the jury in determining the question of fact may take into consideration all the facts, including the instructions or directions given. Koren v. National Conduit & Cable Co., 82 App. Div. 527, 81 N. Y. Supp. 614; Daley v. Schaaf, 28 Hun, 315; Doyle v. Baird (Com. Pl.) 6 N. Y. Supp. 517; Chadwick v. Brewsher, 15 N. Y. Supp. 598; [1] Hawley v. Northern Central R. R. Co., 82 N. Y. 370. For the same principle, see Caciatore v. Transit Const. Co., 147 App. Div. 676, 132 N. Y. Supp. 572, and it was so charged in this case. It was furthermore a question of fact as to what directions or instructions were given in this case.

Whether, therefore, the right of recovery be looked at from the angle of the common law or the statute, there was no error of which defendant can complain. The fact, if true, that it was labeled as an action under the statutory liability, is not material if the rules of law to govern the jury in applying the facts as they might find them to be were correctly stated. The object of the charge being to instruct the jury as to the law of the case in framing their verdict, if this is correctly stated, whether it is called a statutory or common-law liability is not essential and could not mislead the jury. In Proctor v. Rockville Center Milling & Const. Co., 205 N. Y. 508, 99 N. E. 81, it was held that alleging the facts in the complaint was the essential, and it was not necessary to refer to the statute. The same principle applies here.

Whether, therefore, the action be regarded as under the statute or on a common-law liability there does not seem to have been any error.

[5] Apart from this question, however, the result of the recent authorities seems to be that the defense of assumption of risk in an action by an employé for injuries due to the negligence of the employer no longer exists as a defense in this state. If so, the charge was more favorable to the defendant than it was entitled to. In actions by an employé against an employer to recover damages for injuries sustained, the defense of assumption of risk can have no application or relation, except where or unless the defendant has been guilty of negligence. Mansell v. Conrad, 125 App. Div. 634, 109 N. Y. Supp. 1079; Bria v. Westinghouse, Church, Kerr & Co., 133 App. Div. 346, 117 N. Y. Supp. 195. If the employer has not been guilty of negligence there is no liability. It is a defense by way of confes-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 620.

sion and avoidance, and necessarily presupposes that the defendant has been guilty of negligence. It is based on the principle of an implied contract by the employé to assume the risk of injury resulting from defendant's negligence. Such agreement might be embodied either in a written express agreement, a parol express agreement, or an implied agreement; the difference being only as to the nature of the evidence to establish the face of the agreement.

The defense of assumption of risk, so called, depends usually upon an implied agreement; in other words, the agreement is established by evidence from which the intention of the parties is implied. Where the employé knew of and appreciated the risk or danger and entered upon and continued in the employment with such knowledge, or where the risk or danger was so manifestly apparent and obvious that if he exercised the care of a reasonable and prudent man he must have known it, and hence is assumed to have known it, the courts have held, as matter of law, that the employé had agreed to assume the risk of injury because in such cases, on such evidence, the court would be bound to instruct the jury that they must find the fact that the employé had agreed to assume the risk or, if they found otherwise, set the verdict aside. For this reason it was commonly said, in such cases, the assumption of risk was matter of law. Where, however, the evidence was not clear either as to knowledge by the employé or the obviousness of the danger and the court would not be justified in instructing the jury to find, as matter of fact, that the employé had agreed to assume the risk, the question was left to the jury to determine the fact on the evidence, under proper instructions, and in such cases it was commonly said the assumption of risk was a question of fact. The only difference between the two cases was that in one case on the evidence the court would be bound to instruct the jury that they *must* find that the employé assumed the risk, whereas in the other case the court could not so instruct the jury in view of the state of the evidence, and therefore it was for the jury to say whether the employé knew the risk and danger or it was so obvious and apparent that, if he had exercised the care of a reasonable and prudent man, he would have known it.

In Johnston v. Fargo, 184 N. Y. 379, 77 N. E. 388, 7 L. R. A. (N. S.) 537, 6 Ann. Cas. 1, the Court of Appeals held that an express agreement in writing by the employé to waive or assume the risk of an injury due to the negligence of the employer was in violation of public policy and void. And in Fitzwater v. Warren, 206 N. Y. 355, 99 N. E. 1042, the Court of Appeals, affirming the above case, held that no other or different principle could be applied in the case of an implied agreement; that if an express agreement was void, as in violation of public policy, an implied agreement to the same effect would be none the less so; and that the defense of assumption of risk being based on an implied agreement to assume the risk due to the employer's negligence, such agreement was void. In that case the negligence was the failure of the employer to comply with statutory requirements intended to promote the safety of his employés, and it has been sometimes said that that decision was limited to cases of

negligence in failing to comply with *statutory* requirements, as distinguished from negligence in failing to comply with common-law requirements. It is difficult to see that there is any difference in principle between the two cases.

Whether the duty of the employer be imposed by common law or statute, it would seem to be equally violative of public policy to support an agreement on behalf of an employé to waive or assume the risk of the employer's negligence, nor do the facts of those cases justify any such distinction. Johnston v. Fargo, 184 N. Y. 379, 77 N. E. 388, 7 L. R. A. (N. S.) 537, 6 Ann. Cas. 1, did not involve an agreement to assume the risk of negligence by an employer *only* in relation to his statutory duties, but covered all his duties whether imposed by common law or statute, and the particular negligence charged was as to the common-law duty. The decision in Fitzwater v. Warren, above quoted, in which the Johnston Case was approved, was expressly put upon the ground that an implied contract stood on the same basis as an express agreement. In the Fitzwater v. Warren Case the court, speaking of the case of Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367, which held that the assumption of risk applied to negligence in the performance of statutory duties equally with common-law duties, says:

"The doctrine of the Knisley Case has, however, been largely qualified, if not virtually overruled, by the subsequent decision of this court in Johnston v. Fargo, where he held that an agreement between the employé and employer relieving the employer from liability for all personal injuries to the employé that might result from the negligence of the employer was void as against public policy."

This statement would seem to equally apply to the failure to perform common-law duties. To see how completely the former rule has been reversed it is only necessary to compare the reasons of the opinion in Knisley v. Pratt with that of the later case of Johnston v. Fargo.

In Knisley v. Pratt the court says:

"There is no rule of public policy which prevents an employé from deciding whether, in view of increased wages, the difficulties of obtaining employment, or other sufficient reasons, it may not be wise and prudent to accept employment subject to the rule of obvious risks."

In Johnston v. Fargo it was held that:

"An agreement relieving an express company from liability to an employé for personal injuries resulting from the negligence of the company, which he may receive in the course of his employment, is void as against public policy, in that its enforcement would nullify the strict and just rule of the common law imposing the duty of care on the part of employers toward employés, which in the interests of the public should be maintained and enforced."

And the opinion gives the following reasons:

"The theory of their invalidity is in the importance to the state that there shall be no relaxation of the rule of law, which imposes the duty of care on the part of the employer towards the employed. The state is interested in the conservation of the lives and of the healthful vigor of its citizens, and if employers could contract away their responsibility at common law, it would

tend to encourage on their part laxity of conduct in, if not an indifference to, the maintenance of proper and reasonable safeguards to human life and limb. The rule of responsibility at common law is as just as it is strict, and the interest of the state in its maintenance must be assumed; for its policy has, in recent years, been evidenced in the progressive enactment of many laws, which regulate the employment of children and the hours of work, and impose strict conditions with reference to the safety and healthfulness of the surroundings of the employed, in the factory and in the shop. The employer and the employed, in theory, deal upon equal terms; but, practically, that is not always the case. The artisan, or workman, may be driven by need; or he may be ignorant, or of improvident character. It is therefore for the interests of the community that there should be no encouragement for any relaxation on the employer's part in his duty of reasonable care for the safety of his employés, That freedom of contract may be said to be affected by the denial of the right to make such agreements is met by the answer that the restriction is but a salutary one, which organized society exacts for the surer protection of its members. While it is true that the individual may be the one, who, directly, is interested in the making of such a contract, indirectly, the state, being concerned for the welfare of all its members, is interested in the maintenance of the rule of liability and in its enforcement by the courts."

Every reason above given applies as strongly to common-law as to statutory requirements, and the particular case before the court was one of failure to comply with the common-law duties. The decision is therefore, both in terms and fact, directly on the point that the rule of public policy applies to such a case. If it does not, Johnston v. Fargo was erroneously decided. Moreover, the decisions of the United States Supreme Court and many of the states. deny to common carriers the right to contract away their liability to passengers for injuries due to negligence on the ground of public policy, and the courts of this state hold the same way as to implied contracts. In neither, however, has any distinction been made between common-law and statutory duties.

The only logical result of the recent authorities would seem to be that whatever was left of the defense of assumption of risk in master and servant cases, for negligence has been done away with, and that such a defense in such actions, whether brought at common law or under the statute, no longer exists.

Motion denied.