(173 App. Div. 368)

### FLYNN v. McLOUGHLIN.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. MASTER AND SERVANT ⬀264(4)—INJURIES—ACTIONS—PLEADING—VARI-
ANCE—UNGUARDED MACHINE.

    In action by servant under a complaint alleging injury from a "defective and dangerous" machine, proof that the machine was not guarded as required generally by the Labor Law (Consol. Laws, c. 31) is inadmissible without amendment.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 865; Dec. Dig. ⬀264(4).]

2. PLEADING ⬀248(12)—AMENDMENT—NEW CAUSE OF ACTION—DEFECTIVE
MACHINE—UNGUARDED MACHINE.

    In action by servant for injuries from an alleged "defective and dangerous" machine, an amendment, alleging the absence of a proper guard,

does not set up a new cause of action, but merely a further specification of negligence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 694; Dec. Dig. ☜248(12).]

3. PLEADING ☜236(7)—AMENDMENT—NEW CAUSE OF ACTION—INJURIES TO SERVANT.

In action for injuries to servant, the trial court has power, in its discretion, in the interests of justice, to permit an amendment which does not set up a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. ☜236(7).]

4. PLEADING ☜252(1)—AMENDMENT TO CONFORM TO PROOF—EFFECT.

After amendment conforming the pleadings to certain evidence, exceptions to such evidence prior to the amendment, because the evidence was then inadmissible under the pleadings, were no longer in the case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 736, 737, 738–743; Dec. Dig. ☜252(1).]

5. MASTER AND SERVANT ☜286(22)—INJURIES—ACTIONS—QUESTION FOR JURY —GUARDING MACHINERY.

In action by servant for injuries, whether it was necessary to guard the machine on which he was injured, in view of its particular ordinary use, is a question for the jury to be decided, in the light of such dangers as reasonably should be foreseen by the master as likely to result from its ordinary use.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1028; Dec. Dig. ☜286(22).]

6. MASTER AND SERVANT ☜121(2)—INJURIES—GUARDING MACHINERY.

Dangers arising from an inadvertent accidental act of the operator are among those against which the Labor Law as to guarding machinery attempts to provide.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 229; Dec. Dig. ☜121(2).]

7. MASTER AND SERVANT ☜270(9)—INJURIES—ACCIDENTAL OR IMPROBABLE INJURY—ANTICIPATION OF CONSEQUENCES.

In action by servant injured on an unguarded machine, that no accident had happened upon it for many years is no defense if such an accident was reasonably to be anticipated, but is only a subject for the jury's consideration upon the question of the master's duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 919; Dec. Dig. ☜270(9).]

8. MASTER AND SERVANT ☜278(13)—INJURIES—UNGUARDED MACHINERY— EVIDENCE.

In an action by servant injured on an unguarded paper stamping machine, evidence as to practicability of preventing such accidents by guards in ordinary use, and furnishing and practicability of using sticks, instead of fingers, in removing enmeshed paper, the machine being before the jury, *held* to warrant verdict for the plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 961; Dec. Dig. ☜278(13).]

Appeal from Trial Term, Kings County.

Action by Sarah Flynn against James G. McLoughlin. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Louis O. Van Doren, of New York City (Herrick McClenthen, of New York City, on the brief), for appellant.

Martin T. Manton, of New York City, for respondent.

CARR, J. This is a master and servant case, to recover damages for a personal injury. The jury found a verdict for the plaintiff for $2,500 damages. She lost the end or first joints of three fingers of her right hand. The verdict was not excessive, and there is no claim by the appellant to that effect. A motion for a new trial was denied. From the judgment and order the defendant appeals. It is contended that the verdict was against the weight of evidence; that the plaintiff was guilty of contributory negligence; that the court erred in the admission of evidence; and that the court should not, or could not, permit the plaintiff to amend her complaint at the trial, as it did. I will take up first the question as to the amendment permitted at the trial.

[1-4] The accident happened while the plaintiff was at work on a stamping machine used for the manufacture of the backs of paper "valentines." There were two dies, the upper one being described as the "male" and the lower one the "female." The upper one descended and the lower one rested stationary. The contact between the dies produced the embossing upon the paper. This paper came in sheets and was laid upon a table attached to the machine, and fed into the machine between gauges set upon the table. The sheets were long enough for four "cuttings" between the dies. After each cutting, the fingers of the operator approached more closely to the dies as the feeding went on. The upper die was brought down by pressure of the operator's foot upon a treadle. In her complaint she pleaded that the machine was "defective and dangerous," and that the punch or die would fall "without any pressure being exerted by the plaintiff upon the treadle." At the trial, plaintiff testified that, while she was at work upon the machine, some paper got lodged in the upper die, and that she stood up to detach it with her hand, and that while her right hand was between the dies, being used in detaching the paper, the upper die descended and caught the tips of her fingers, crushing them against the lower or female die and severing them from her hand. She testified on her direct examination that she may have touched the treadle accidentally with her foot. So far as her testimony went, it established no negligence on the part of the defendant and disclosed no defect in the machine, unless it be a failure to "guard" the machine, as required generally by the Labor Law. She had not pleaded a failure "to guard" as a specification of negligence. If she intended to give such proof, she should have pleaded such claim of negligence. Martin v. Walker & Williams Mfg. Co., 122 App. Div. 280, 106 N. Y. Supp. 708. The plaintiff set out to prove that the machine was not guarded in such manner as to prevent the upper die from descending while the operator's fingers were inserted in the space between the dies, and that it was practicable to use a guard for this purpose, and that numbers of safety devices, for this purpose, were in use in the city of New York, the accident happening in Brooklyn. All this evi-

dence was received over the objection and exception of the defendant, the trial court declaring that it would permit an amendment of the complaint setting up the absence of a "guard," and such amendment was made a little later in the case. The defendant did not claim surprise, but resisted practically upon the ground that the trial court had not the power to permit an amendment at the trial. The amendment did not set up a new cause of action which was for negligence in permitting the use of a defective and dangerous machine, but it did, of course, set up a new or further specification of negligence. The trial court had power, in its discretion, to permit the amendment in the interests of justice. As the defendant was not "surprised," the discretion was exercised properly enough. After the amendment, the exceptions previously taken by the defendant on this point were no longer in the case. General El. Co. v. Nat. Contracting Co., 178 N. Y. 369, 70 N. E. 928.

[5] That the machine was "unguarded" must be conceded. That it was practicable to guard it was undisputed by any testimony on behalf of the defendant. Whether it was necessary to guard it, in the view of its particular ordinary use, was a question for the jury, to be decided in the light of such dangers as should be reasonably foreseen by the master as likely to result from its ordinary use. Scott v. International Paper Co., 204 N. Y. 49, 97 N. E. 413; Wynkoop v. Ludlow Valve Mfg. Co., 196 N. Y. 324, 89 N. E. 827, 30 L. R. A. (N. S.) 36; Bell v. Procter & Gamble Mfg. Co., 152 App. Div. 434, 137 N. Y. Supp. 266.

[6] Among the dangers against which the statute attempts to provide are those which may arise from an inadvertent or accidental act of the operator. Kirchoff v. Creamery Supply Co., 148 Iowa, 508, 123 N. W. 210; Callopy v. Atwood, 105 Minn. 80, 117 N. W. 238, 18 L. R. A. (N. S.) 593.

[7] The defendant gave evidence that in the use of this machine during a great number of years, no accident had happened upon it, but if such an accident was reasonably to be anticipated, the fact that there had been no former accident was not a defense, but was a subject only for the jury's consideration on the question of the master's duty. Cleveland v. N. J. S. Co., 125 N. Y. 299, 26 N. E. 327; Donnelly v. City of Rochester, 166 N. Y. 315, 59 N. E. 989; Barrett v. Lake Ontario Beach Imp. Co., 174 N. Y. 310, 66 N. E. 968, 61 L. R. A. 829.

[8] While, in this case, the die would not have descended and crushed the fingers of the plaintiff if she had not, as she says she may have done, accidentally and inadvertently touched the treadle with her foot, yet the proofs as to the practicability of guarding the machine showed that there were safety devices or "guards" in ordinary use that would, when used, prevent the plaintiff's hand from being caught between the dies, leaving out of consideration altogether the "treadle lock," which the trial court declared was "out of this case." The defendant gave evidence to show that, in the ordinary use of its machine, it was not contemplated that the operator should ever insert her fingers in the space between the dies, and that sticks were furnished and used

for the purpose of detaching such paper matter as might become adherent to the surface of the upper, or "male" die. The plaintiff testified that she had no sticks at the time of the accident and that they were used only on the fourth "cut," to push the completed cutting from the face of the under die, and that it was not practicable to use them to remove enmeshed paper matter from the upper die. This question was presented very fully at the trial. The defendant produced its machine before the jury. They inspected it and saw it manipulated by various witnesses. In that respect they had a much better opportunity to determine the facts correctly than has this court. We cannot say that their verdict was against the weight of evidence, and especially so in view of the sharp question of the credibility of witnesses presented in the conflict of testimony as it appears in this record.

The judgment and order should be affirmed, with costs.